JOHN C. BROWN, RECEIVER, ETC., v. S. B. ADAMS.

(No. 2899.)

APPEAL from Red River County. · Opinion by WHITE, P. J.

GEO. F. BURDETT, counsel for appellant.

C. H. WORLEY and CHAMBERS & DOAK, counsel for appellee.

§ **390.** *Petition in suit for damage for injury done to goods in transporting them need not allege value of each article.*   This is a suit brought by appellee against appellant, as receiver of the Texas & Pacific Railway Company, to recover damage for delay in delivering household goods and wearing apparel shipped on the line of said road, and for damage to said goods while being transported.   Appellee recovered judgment for $275 and costs.   Appellee's petition did not allege the damage done to each article of the property, separately, but alleged the aggregate damage to the whole.   Appellant excepted specially to the petition because it did not allege the damage done to each article.   *Held,* the exception was properly overruled.   It was sufficient to itemize the articles, alleging the value of each article, and allege the aggregate value of the whole, which was done in this petition. No practical good would be accomplished by requiring the damage to each article to be alleged separately.

§ **391.** *Measure of damage for delay in delivery of goods; injury to feelings not an element of damage.*   Appellant's special exception to that portion of appellee's petition which claims damages for mental and physical suffering because of the delay in the delivery of the goods should have been sustained.   The measure of damage for delay in the transportation and delivery of goods by a carrier, where the goods are not intended for the market, but are intended to serve some specific purpose of the owner, and where there are no special circumstances which make the carrier liable for some special loss, is, ordinarily, the rental value of the goods during the delay, with legal interest on the amount from the time when the goods should have been delivered.   [1 App. C. C. § 206; 2 App. C. C. §§ 404, 631; *ante,* §§ 1, 2; Hutchinson on Carriers, § 776; 1 Suth. on Dam. §§ 84, 85; 3 id. § 215; Field on Dam. §§ 375–378.] But in a case like this, where the goods cannot be said to have a rental value, a fair, just and practicable measure of damage would be the value of the use of the goods to the owner during the

delay, excluding from the estimate remote, speculative and uncertain damages, restricting the estimate to the natural, direct, certain and proximate injury sustained. In this case the verdict awarded $50 for mental suffering.

§ 392. *Stipulation in contract of carriage as to notice of damage; validity of.* In the contract of carriage there is a stipulation that "claims for loss or damage must be presented to the delivering line within thirty-six hours after the arrival of the freight." This stipulation was not in the body of the contract, but was placed upon the margin thereof. The court instructed the jury to disregard said stipulation because it was not contained in the body of the contract, although appellee's attention may have been called thereto at the time of making said contract. *Held* error. The mere fact that the stipulation was placed upon the margin instead of in the body of the contract does not forbid its consideration as a part of the contract. It is not similar to the stipulation of warranty held invalid in Goddard v. Ins. Co. 67 Tex. 69. It constitutes a part of the contract, and appellee was bound to take notice of it, and, if the same is valid, appellee is bound by it. [2 App. C. C. § 331.] Said stipulation is valid and binding upon appellee if it is a reasonable one. It cannot be held as a matter of law to be reasonable. To make it operate as a valid defense, facts must be alleged and proved which show it to be reasonable. Such facts have not been alleged or proved in this case. [R'y Co. v. Harris, 67 Tex. 166.]

November 3, 1888.　　　Reversed and remanded.